ALLEN CANNING COMPANY, Self-Insured Employer
· *v.* Nancy Jane McREYNOLDS, Employee

CA 81-433                              632 S.W.2d 450

Court of Appeals of Arkansas
Opinion delivered May 12, 1982

*Walter B. Cox* of *Davis, Cox & Wright,* for appellant.

*Gary D. Person,* for appellee.

GEORGE K. CRACRAFT, Judge. The appellant Allen Canning Company appeals from that part of the decision of the Arkansas Workers' Compensation Commission awarding disability benefits to the appellee Nancy Jean McReynolds beyond September 5, 1979. The Commission found that appellee had sustained a compensable injury while employed by appellant on February 23, 1979, and as a result was temporarily totally disabled from February 24 to September 5, 1979, and again beginning November 7, 1979 to January 10, 1980, when her healing period ended. The Commission further found that appellee had sustained permanent partial disability to her body as a whole of at least 5% but deferred a finding as to any additional permanent partial disability pending investigation by the parties of the feasibility of vocational rehabilitation.

The appellant first contends that there is no substantial evidence in the record to support the Commission's award of any disability benefits or medical expenses beyond September 5, 1979. It is well settled that this court on appeal is required to review the evidence in the light most favorable to the findings of the Commission and to give the testimony its strongest probative value in favor of its order. The issue on

appeal is whether the evidence supports the finding which the Commission made. When a commission makes a finding of fact, that finding carries the weight of a jury conclusion. The decision of the Commission must stand if supported by substantial evidence. *Bankston* v. *Prime West Corporation*, 271 Ark. 727, 610 S.W.2d 586 (Ark. App. 1981).

It was not disputed that appellee sustained a compensable injury on February 23, 1979. She was initially examined by Dr. F. E. Shearer, and later by Dr. Marvin Mumme, an orthopedic surgeon. On April 13, 1979 Dr. Mumme released her to return to light duty and she did return to her former employment. She testified she was assigned clean-up duty and work on a "pick table" and tried to work for a part of two days but was unable to do so. She returned to Dr. Mumme and remained under his treatment until July 26, 1979. Dr. Mumme released her to return to regular duties on September 5, 1979. It was appellee's testimony that during the entire period since the date of her injury she continued having pains in her back and difficulty in movement.

Between September 5th and November 7th, 1979 appellee did part-time work at a hamburger establishment where she had worked prior to her employment with the appellant and where she performed substantially the same duties that she had performed there previously. She testified that during this period she had continuous problems with her back and increasing pain. On November 7th she returned to Dr. Mumme who found these symptoms significant enough to warrant additional testing. She was hospitalized due to these complaints and symptoms and when Dr. Mumme released her on January 10, 1980 he assessed her permanent physical disability at from 0 to 5%.

Appellant contends that as Dr. Mumme had released her on September 5th and since his reports of tests and treatment after she returned to him on November 7th all indicated her condition to be normal, it was "obvious" that something unrelated to her injury happened to her after September 5th to cause the additional problems and there was no substantial evidence to support permanent disability

in any amount. In support of this position the appellant relies upon hearsay testimony that subsequent to September 5th, while working in her part-time employment, appellee slipped on some rocks and fell while crossing the street. It contends that her present injury was a result of that fall or other causes unrelated to her compensable injury. The appellee testified that the cause of the fall was a severe painful pinching in her back. She testified that her symptoms were the same thereafter as they had been before except that she now had some bowel control difficulties.

The medical testimony in the record, coupled with appellee's testimony about her continued symptoms and difficulty from her original injury, is fully supportive of the Commission's findings. According to the evidence her symptoms were the same after September 5th as they were prior thereto. Appellee did complain of fecal incontinence and appellant argues that it was this difficulty that caused her to seek additional medical treatment. It was appellee's testimony that any difficulty in controlling her bowels was a direct result of the increasing pain she suffered from the initial injury. She said she had never had this kind of problem prior to the compensable injury.

We conclude that there was substantial evidence on which the Commission could find that all symptoms for which appellee received treatment after September 5th were fully related to the compensable injury received while in appellant's employ. When symptoms of a back injury persist and culminate in a second disability without the intervention of a new injury, the second disability is properly classified as a recurrence of the first injury and the insurance carrier and employer at the time of the original injury remain liable. *Halstead Industries* v. *Jones*, 270 Ark. 85, 603 S.W.2d 456 (Ark. App. 1980).

The appellant next contends that the Commission erred in reserving a determination of additional permanent partial disability above 5% to the body as a whole until investigation by the parties into the feasibility of vocational rehabilitation. The action of the Commission was as follows:

7. The claimant has a permanent partial disability in the amount of at least 5% to the body as a whole. The issue of additional disability will not be decided until the parties have investigated the feasibility of vocational rehabilitation.

Ark. Stat. Ann. § 81-1310 (f) (Supp. 1981) provides that an employee entitled to receive permanent disability compensation is also entitled to reasonable expense of a program of vocational rehabilitation. It further provides that no employee shall be compelled to enter such a program without his consent and if he so elects a request must be filed with the Commission prior to the time that determination of the amount of permanent disability is made. The appellant contends that as the appellee made no request for such a program prior to the determination by the Commission she is barred from now requesting it, and that the Commission exceeded it authority in this regard. We do not agree. While § 81-1310 (f) (Supp. 1981) does require that a request for rehabilitation be made prior to the determination of disability we construe it as requiring the request prior to entry of a *final* order. A final order contemplates action which concludes all rights of the interested parties and leaves no issues undetermined. Here the Commission in its order expressly reserved the issue of disabiity for subsequent determination.

Our Workers' Compensation Act is remedial in nature and is intended to afford the injured worker all of the benefits to which the Act entitles him. While the worker cannot be compelled to enter such a program, we see nothing which prohibits the Commission from calling to the claimant's attention his right of election where it deems this action appropriate or determines that such a procedure might resolve doubtful issues. It is well settled that administrative agencies are better equipped by specialization, insight, experience and flexibility of proceedings to analyze and determine the issues. *Copeland* v. *Alcoholic Beverage Control Board,* 4 Ark. App. 143, 628 S.W.2d 588 (1982). In determining the merits of each claim the members of this Commission are expected to fully utilize that expertise. We do not interfere with the actions of the Commission unless

we find that it has acted without or in excess of its authority, or that its order is not supported by substantial evidence. Ark. Stat. Ann. § 81-1325 (b) (4) (Supp. 1981).

This case is remanded to the Workers' Compensation Commission for further proceedings and with the direction that it provide proper safeguards against undue delay in final determination of remaining issues.