James Lee CAMERON *v.* STATE of Arkansas

CR 82-131                                    645 S.W.2d 943

Supreme Court of Arkansas
Opinion delivered February 7, 1983

*Ernie Witt,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Appellant was convicted of rape on April 19, 1982, and the jury recommended a sentence of forty years in the Department of Correction. After presenting the testimony of the seventy-six year old victim, the State

rested and appellant moved for a directed verdict, claiming the proof of penetration was insufficient. The court denied the directed verdict and granted a motion by the State to reopen its case. The victim and her daughter then gave testimony which the appellant concedes was sufficient to support the charge.

On appeal, appellant argues a single point for reversal: The court erred in permitting the State to reopen its case after the appellant had moved for a directed verdict. Appellant recognizes the trial court's broad discretion in permitting the prosecution to reopen a case after it has rested, but argues surprise and that the State should not have the advantage of having a weakness in its case pointed out by the defense.

We have affirmed the action of the trial court on many occasions when it has allowed the State to reopen its case after it has rested. It is within the trial court's sound discretion in furtherance of justice to permit the State to present witnesses after resting, where a reopening does not work to the defendant's prejudice through surprise or otherwise when the disadvantage cannot be overcome. See *Rochester* v. *State*, 250 Ark. 758, 467 S.W.2d 182 (1971). Here, while appellant claims surprise, he fails to demonstrate it. The victim's testimony after she was recalled was nothing more than a fuller explanation of the defendant's actions during the assault. Too, the appellant was aware through discovery that the victim's daughter was to be a witness, and what the nature of her testimony might be. The advanced age of the victim and her difficulty in giving embarrassing details no doubt influenced the court in reopening the case. We find no abuse of discretion under the circumstances.

With reference to the argument that the State should not have weaknesses in the prosecution pointed out by the defense, we regard it as inconsequential whether alleged flaws are recognized first by the State or by the defendant. The appellant gives no explanation of how this is prejudicial to the defense and we can find none. We discussed prejudice under similar circumstances in *McClendon* v. *State*, 254 Ark. 902, 496 S.W.2d 428 (1973) when we responded

to a claim that the defendant was prejudiced and disadvantaged:

> It is difficult to perceive how the testimony complained of was a surprise or prejudicial when it could have been presented in the State's original case. *McClendon* at 903.

The appellant also argues that during a one and one-half hour recess while his motion for a directed verdict was under advisement, appellant told the court and the prosecution that the defense would not put on any evidence, but would stand on its motion. Though it is not clear what difference it might have made, the record confirms none of this. (T. p. 55-61). It shows only that when the State rested the defendant asked to make a motion away from the jury. The court announced a fifteen minute recess and asked the jury to remain in the jury room. Counsel then argued whether the evidence was sufficient and the judge said he would take the matter under advisement while the defendant's case was presented. There was no objection to this procedure, nor any suggestion that the defense would stand on the motion. The State then moved to reopen which the judge granted with the comment that he believed the defendant was not surprised and it would serve the ends of justice to allow the State to reopen. We believe he was fully justified under the circumstances.

The judgment on the sentence is affirmed.