Earnest L. BRAGG v. EVANS-ST. CLAIR, INC.

CA 84-399                                   688 S.W.2d 956

Court of Appeals of Arkansas
Division I
Opinion delivered May 15, 1985

54

*Gary Eubanks & Associates,* by: *James Gerard Schulze,* for appellant.

*Shackleford, Shackleford & Phillips, P.A.,* for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from the Workers' Compensation Commission. On January 28, 1983, the appellant, Earnest L. Bragg, suffered a compensable injury to his neck. At that time he was employed by the appellee, Evans-St. Clair, Incorporated, and was earning $5.65 per hour. Following surgery, appellant returned to work for appellee and was subsequently given the job of assistant supervisor. At a hearing before an administrative law judge, the appellant testified that he was currently earning $6.03 per hour, having received an across-the-board wage increase and an increase based on merit. Appellant

also testified that he was performing essentially the same duties as before his injury, and that the only duty which he could not now perform was sliding a 600-pound object. However, he stated that he had the authority to delegate that duty to other employees.

Appellant's treating physician expressed the opinion that appellant had a permanent, partial physical impairment of 5% to the body as a whole, and another physician fixed the impairment at 15%. The law judge held that appellant failed to prove by a preponderance of the evidence that he sustained a loss of wage-earning capacity as a result of his injury and assessed his permanent partial disability at 10% to the body as a whole. The Commission affirmed and adopted the opinion of the administrative law judge.

On appeal, appellant argues that the Commission erred in finding that he suffered no wage-loss disability. The administrative law judge stated in his opinion:

> Arkansas has also recognized the doctrine that there is a rebuttable presumption that the wages actually received by an injured employee are equal to his wage-earning capacity. Because of the claimant's own testimony that he is able to perform the duties of his employment, I am of the opinion that the presumption just referred to has not been rebutted.

Appellant disagrees with the law judge and contends that the presumption referred to is *not* recognized in Arkansas law. He argues that by adopting that opinion the Commission erred "in adding the burden of overcoming this presumption to [his] burden of proof by the preponderance of the evidence." Appellant also contends that he suffered a loss of capacity to earn and points to evidence that he no longer can move a 600-pound object, that other employees now do his heavy work, and that he no longer fishes, hunts, or gardens because he has to save his strength so he can work.

It is settled law that the burden rests on the claimant to establish his claim for compensation. *Voss* v. *Ward's Pulpwood Yard*, 248 Ark. 465, 469, 452 S.W.2d 629 (1970). The standard of proof before the Commission is the preponderance of the evidence. *Potlatch Forests, Inc.* v. *Smith*, 237 Ark. 468, 475, 374 S.W.2d 166 (1964). We have recognized that there is a rule of

liberal construction which requires the Commission to draw all reasonable inferences favorably to the claimant, *Central Maloney, Inc.* v. *York*, 10 Ark. App. 254, 663 S.W.2d 196 (1984), but that case also holds that this rule is not a substitute for the claimant's burden of establishing his claim by a preponderance of the evidence. 10 Ark. App. at 260-61.

Ark. Stat. Ann. § 81-1302(e) (Repl. 1976) defines "disability" as *"incapacity* because of injury *to earn,* in the same or any other employment, *the wages which the employee was receiving at the time of the injury."* (Emphasis added.) In awarding disability benefits for an injury to the body as a whole, it is the Commission's duty to determine from the evidence, if the claimant's injury has impaired his *capacity* to earn the wages he earned prior to the injury. When the claimant returns to work and earns as much as or more than he did prior to his injury, then the necessary and logical inference, absent any contrary evidence, is that the claimant has not suffered a loss of earning capacity.

This principle is discussed by Professor Larson in connection with two presumptions which are generally mentioned in determining wage-loss disability. One is: "If the employee, as often happens, returns to his former work for the same employer after his injury, or is offered it, at a wage at least as high as before, there is a presumption against loss of earning capacity." 2 Larson, *Workmen's Compensation Law* § 57.22 (Rel. Nov. 1980). Larson states that this presumption may be overcome by other evidence showing that the actual earnings do not fairly reflect the claimant's capacity. *Id.* at § 57.31.

The second presumption is that "actual post-injury earnings will create a presumption of earning capacity commensurate with them, but the presumption may be rebutted by evidence independently showing incapacity or explaining away the post-injury earnings as an unreliable basis for estimating capacity." *Id.* at § 57.21.

Although the first presumption is quoted in the concurring opinion of *Abbott* v. *Leavell & Company*, 244 Ark. 544, 426 S.W.2d 166 (1968), the appellant is correct in his assertion that Arkansas courts have not *expressly* recognized the existence of the presumptions as Larson has stated them. But, we think the presumptions referred to by Larson are simply used to mean "burden of proof" in the sense of placing both the burden of

introducing evidence and the burden of persuasion on the claimant. In that sense the appellate courts of Arkansas have recognized the presumptions referred to by Larson.

■ Thus, in *City of Fayetteville* v. *Guess*, 10 Ark. App. 313, 663 S.W.2d 946 (1984), this court stated:

> It is well settled that a worker who sustains an injury to the body as a whole may be entitled to wage loss disability in addition to his anatomical loss. *Glass* v. *Edens*, 233 Ark. 786, 346 S.W.2d 685 (1961). In determining the additional wage loss disability the Commission may take into consideration the worker's age, education, work experience, medical evidence and other matters reasonably expected to affect the worker's future earning power. A worker may be entitled to additional wage loss disability even though his wages remain the same or increase after the injury. *Lion Oil Company* v. *Reeves*, 221 Ark. 5, 254 S.W.2d 450 (1952).

And in *Terrell* v. *Austin Bridge Co.*, 10 Ark. App. 1, 660 S.W.2d 941 (1983), we quoted from *Abbott* v. *Leavell & Company, supra*, where the majority opinion said "because appellant is making as much money now as he did before does not necessarily mean he has the 'capacity' to earn that much." We also quoted from the concurring opinion's quotation from Larson. We concluded in *Terrell* as follows:

> From the above, we think it clear that a person injured on the job may suffer disability because of a physical loss or because of an inability to earn as much as he was earning when he was hurt and that a person can be disabled who has lost either or both. . . . In the instant case, appellant was earning higher wages at the time of the hearing than he was at the time of the accident. Whether he had a compensable disability, however, was a question for the Commission to determine under the law we have discussed. We must affirm that decision unless we are convinced that fair-minded men could not have reached the same conclusion.

■ In the instant case the administrative law judge made

this finding: "The claimant has failed to prove by the preponderance of the evidence that he has sustained a loss of earning capacity over and above the impairment rating." We think the law judge used the proper standard of proof and did not simply apply a presumption to find that appellant had no wage-loss disability merely because he was earning more money after his injury. However, we review the Commission's decision, not the decision of the law judge, and we affirm the Commission if its decision is supported by substantial evidence. *Potlatch Forests, Inc.* v. *Smith, supra.* There is evidence that appellant is an excellent worker. There is no evidence that he is not doing his job well, that his wage increases were the result of sympathy, or that his earnings are not commensurate with his earning capacity.

We find that the Commission's decision is supported by substantial evidence and it is affirmed.

COOPER and CLONINGER, JJ., agree.