SPARKS REGIONAL MEDICAL CENTER
*v.* ARKANSAS DEPARTMENT OF HUMAN SERVICES,
et al. and MEDICAL CARE INTERNATIONAL, INC.
d/b/a SURGICARE CORP.

86-80 719 S.W.2d 434

Supreme Court of Arkansas
Opinion delivered November 24, 1986

*Skokos, Simpson, Buford, Graham & Rainwater, P.A.*, by: *Harold H. Simpson* and *John W. Fink*, for appellant.

*Hilburn, Bethune, Calhoon, Harper & Pruniski, Ltd.*, by: *Sam Hilburn* and *Dorcy Kyle Corbin*, for appellee, Medical Care International, Inc. d/b/a Surgicare Corp.

*Steve Clark*, Att'y Gen., by: *George A. Harper*, Special Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. Medical Care International, Inc., d/b/a Surgicare Corporation (Surgicare), applied for a Certificate of Need (CON) on July 13, 1983. Surgicare sought to build a three room outpatient surgery center in Fort Smith, Arkansas. Sparks Regional Medical Center (Sparks) opposed the application primarily on the grounds that it had two "shelled-in" outpatient operating rooms and, additionally, that its regular operating rooms were available for outpatient surgery. Sparks contended that these shells and its regular operating rooms should be considered in determining whether a CON should be granted.

The first hearing on the application was presented, as required by law, to the West Arkansas Health Systems Agency (WAHSA) which recommended that the CON be denied. Surgicare then applied to the Arkansas Health Planning and Development Agency (AHPDA) and was granted a CON.

At the AHPDA hearing evidence was taken and a tape recording of the proceeding was preserved. A record of the public meeting held by WAHSA, as well as other proceedings held by it, had also been preserved by a verbatim recording. However, these recordings were not transcribed until the AHPDA decision was appealed to the circuit court.

At the AHPDA hearing neither the "shelled-in" operating

rooms at Sparks nor the number of outpatient surgeries done in Sparks' regular operating rooms was considered in determining whether there was a need for the three rooms sought by Surgicare.

Sparks' request for reconsideration by AHPDA was subsequently denied. After AHPDA granted Surgicare a CON, Sparks requested a review of the decision by the Department of Human Services (DHS). The review, which was the last administrative proceeding available to Sparks, affirmed the AHPDA decision. Sparks then appealed to the Sebastian Circuit Court, which affirmed the agency determination. In the appeal to the circuit court, the record was supplemented to include all materials considered by WAHSA and the transcript of the AHPDA proceedings. Testimony from witnesses relating to Sparks' two recently activated outpatient operating rooms which had been "shelled-in" was allowed. The trial court affirmed the granting of a CON to appellee Surgicare.

Sparks argues on appeal to this Court that the CON was issued contrary to law because the addition of Surgicare's three rooms is inconsistent with the state health plan, and that the matter should be remanded because the administrative record was not properly completed. We do not agree with either argument for the reasons stated below.

The parties are in basic agreement that the Criteria and Standards for Outpatient Surgery provide a limit of eight outpatient surgery operating rooms in the Fort Smith area. At least this is the only need calculation which is supported by the record before us. All parties agree that Sparks had in service four operating rooms totally dedicated to outpatient surgery at the time Surgicare made its application for a CON.

While Surgicare's application for three outpatient rooms was pending, Sparks placed into service its two additional outpatient rooms. Those two rooms had been "shelled-in" and were being used for storage when Surgicare initiated the application for the three rooms being considered. Activation of these two rooms was expressly exempted from AHPDA review.

We have recently decided two of the questions presented herein in our cases of *Statewide Health Coordinating Council* v.

*General Hospitals of Humana,* 280 Ark. 443, 660 S.W.2d 906 (1983) and *Washington Regional Medical Center* v. *Medical Care International,* 289 Ark. 198, 711 S.W.2d 457 (1986). *Washington Regional* was decided while this appeal was pending before this Court. In *Washington Regional* we decided the issue of whether outpatient surgeries performed in non-dedicated operating rooms were to be considered in determining need. We also addressed the lack of a complete record. We decided both issues adversely to the appellant. We will therefore not go into great detail in this opinion.

██ The only remaining issue in this appeal is whether Sparks' two "shelled-in" rooms should have been counted by AHPDA against the eight rooms needed. Based on AHPDA regulations, we believe that AHPDA was correct in not counting the "shelled-in" rooms and granting Surgicare's CON application. The regulations provide a detailed methodology for computing the need for outpatient surgery operating rooms in each area of the state. The final step in this computation is as follows:

> The number of outpatient surgery operating rooms *existing* is subtracted from the number shown as needed in any given year to arrive at the number of additional units needed. [Emphasis added.]

 On review of agency decisions, courts determine whether the agency's interpretation of its regulations is reasonable. Although an agency's interpretation of its own rules is not binding upon the courts, it is highly persuasive. *Clinton, Governor* v. *Rehab Hospital Services Corp.,* 285 Ark. 393, 688 S.W.2d 272 (1985); *Washington Regional, supra.* We find that the agency's interpretation of its rules was reasonable under the facts of this case.

The policy relating to the regulation of and need for outpatient surgery operating rooms is fully discussed in *Humana* and we see no need to address it again here.

Affirmed.