Linda TILLER *v.* SEARS, ROEBUCK & COMPANY, Self-Insured Employer

CA 88-353                                              767 S.W.2d 544

Court of Appeals of Arkansas
Division I
Opinion delivered April 12, 1989

*Kenneth E. Buckner, P.A.,* for appellant.

*Mays and Crutcher, P.A.,* by: *Arkie Byrd* and *Richard L. Mays,* for appellee.

JUDITH ROGERS, Judge. The appellant, Linda Tiller, appeals the finding of the Workers' Compensation Commission that she was entitled to permanent partial disability benefits in an amount equal to fifty percent of the body as a whole. She argues that there was no substantial evidence to support the decision that she was not permanently and totally disabled. We disagree and

affirm.

Appellant suffered a compensable injury to her back in December 1982, while working for the appellee. On January 13, 1985, appellant fainted at work and fell to the restroom floor, reinjuring her shoulder, neck and back. In a hearing on August 21, 1985, the administrative law judge found that the 1985 accident was an idiopathic fall and was not related to the compensable injury of 1982. The full Commission affirmed. This Court disagreed and remanded this case for determination of the compensation to which the appellant is entitled as a result of both the 1982 and 1985 falls. *Tiller* v. *Sears, Roebuck & Company*, CA86-335 (Ark. Ct. App. July 15, 1987).

On remand, the administrative law judge found that appellant was temporarily and totally disabled from January 13, 1985, through January 27, 1986, as a result of the 1985 fall. The administrative law judge also found that as a result of both falls appellant is "permanently and totally disabled from performing gainful employment."

The duty of the Workers' Compensation Commission is to make a finding in accord with the preponderance of the evidence and not on whether there is any substantial evidence to support the findings of the administrative law judge. *Jones* v. *Scheduled Skyways, Inc.*, 1 Ark. App. 44, 612 S.W.2d 333 (1981). In the instant case, the Commission reversed the findings of the administrative law judge. The Commission found that the appellant's healing period ended on April 9, 1985, and that appellant was not permanently and totally disabled. The Commission found that appellant is entitled to permanent partial disability in an amount equal to fifty percent of the body as a whole.

Appellant argues on appeal that there is no substantial evidence to support the Commission's decision that appellant is "anything less than totally disabled." On review, in workers' compensation cases, we view the evidence in the light most favorable to the findings of the Commission. We do not reverse unless we are convinced that fair-minded persons with the same facts before them could not have arrived at the same conclusion reached by the Commission. *Appleby* v. *Belden Corp.*, 22 Ark. App. 243, 738 S.W.2d 807 (1987).

The Commission found that appellant failed to prove by a preponderance of the credible evidence that she is permanently and totally disabled. Appellant testified that she continues to experience problems with her neck, right shoulder and back, and that she has difficulty sitting or standing for long periods of time. The Commission noted that appellant further stated that she is able to sit for twenty-five to thirty-five minutes and stand for thirty to thirty-five minutes. Appellant also related that she is able to drive a car. She stated that the medication she is taking eases her pain at times so that she can rest, but "the pain is always there." Appellant stated that she is unable to return to work.

In its opinion, the Commission stated that appellant's testimony regarding her inability to work is not consistent with the physicians' findings and opinions. The Commission noted that appellant was assigned an anatomical impairment rating equal to fifteen percent to the body as a whole as a result of her compensable injuries. In his report of January 27, 1986, Dr. Larry G. Lipscomb stated that appellant may return to work with certain restrictions:

> She may return to work but will need to avoid repetitive bending. She can work in an area between mid thigh and breast level and try to work no more than 18 inches from her body. Lifting should not exceed 25 lbs in this region. There should be no repetitive bending. She may stoop to pick up objects no greater than 10 times per hour.

Many factors, not just medical evidence are to be considered in a determination of wage loss disability. Consideration should be given to the claimant's age, education, experience and other matters affecting wage loss, including the degree of pain he endures as a result of the compensable injury. *Arkansas Wood Products* v. *Atchley*, 21 Ark. App. 138, 729 S.W.2d 428 (1987). The Commission noted that appellant was a forty-six year old woman with a high school education. Her work experience included working as a cashier, using an adding machine, taking payments for accounts and working up deposits.

The Commission cited *City of Fayetteville* v. *Guess*, 10 Ark. App. 313, 663 S.W.2d 946 (1984). The Commission noted that appellant had shown no motivation to return to work and had not attempted to do so, and went on to state that it may lawfully

consider the claimant's lack of interest in future employment in assessing wage loss disability. A closer reading of that case, and the case of *Oller* v. *Champion Parts Rebuilders*, 5 Ark. App. 307, 635 S.W.2d 276 (1982), that it relies upon, reveals that where a claimant's lack of interest in employment is an impediment to the Commission's full assessment of the claimant's loss of earning power, the claimant cannot complain.

The Commission found that the evidence was insufficient to support an award of permanent and total disability. The Commission then found that after considering the various wage loss factors that appellant had suffered a wage loss disability in an amount equal to thirty-five percent of the body as a whole and had an anatomical impairment rating of fifteen percent. Therefore, the Commission found that appellant was entitled to permanent partial disability benefits in an amount equal to fifty percent of the body as a whole.

The Commission's specialization and experience make it better equipped than we are to analyze and translate evidence into findings of fact. *Second Injury Fund* v. *Robison*, 22 Ark. App. 157, 737 S.W.2d 162 (1987). We cannot state upon review of the evidence that there was no substantial evidence to support the Commission's decision.

AFFIRMED.

CRACRAFT and MAYFIELD, JJ., agree.