GENCORP POLYMER PRODUCTS *v.* Sadie LANDERS

CA 91-7                                              820 S.W.2d 475

Court of Appeals of Arkansas
En Banc
Opinion delivered December 18, 1991

*Bill H. Walmsley*, for appellant.

*Bill B. Wiggins*, for appellee.

JAMES R. COOPER, Judge. This appeal comes from the decision of the Arkansas Workers' Compensation Commission. The appellant contends there is no substantial evidence to support the Commission's finding that the appellee sustained a compensable injury to her wrists and hands in February 1989, and that the Commission erred in reserving the issue of the appellee's entitlement to temporary total disability benefits for the period from February to June 1989. We affirm on the substantial evidence issue but we reverse as to the reservation of the temporary total disability issue.

As of February 1989, the appellee had been employed by the

appellant for four years as a splicer on the appellant's production line. The job required extensive use of her hands which she testified caused her to have pain in her hands and wrists. During the four year period, she was treated by the company doctor who prescribed medication for the condition which flared up sporadically. About two weeks prior to February 1989, the appellee noticed an increased amount of pain in her wrists after operating a certain gasket. The pain slacked off until she operated this gasket again on February 14, 1989, when she experienced extreme pain in her neck, shoulders and upper arms. Shortly thereafter, she saw a local orthopedic surgeon and was diagnosed with cervical myofascitis. This condition improved, and it was not until May 1989 that she was diagnosed with carpal tunnel syndrome in both wrists and hands which worsened until she ultimately had surgery performed on the left wrist in September 1989, and on the right wrist in November 1989. She had missed some work between February and June 1989, and was off continuously after June 10, 1989. In December 1989, she was examined by another orthopedic surgeon at the appellant's request, and that doctor did not contest the previous doctor's diagnosis.

The appellee filed a workers' compensation claim as a result of the bilateral carpal tunnel syndrome. A hearing was held before an administrative law judge in December 1989. He found that the appellee had sustained a compensable injury, or injuries, during February 1989, or some subsequent date prior to May 1989. He found her to be temporarily totally disabled beginning June 10, 1989, and continuing to a date yet to be determined. He also found the record incomplete to determine the appropriate periods of temporary total disability benefits between February and June 1989, and reserved this issue for future determination. The decision was appealed to the Arkansas Workers' Compensation Commission, and in October 1990, the decision of the administrative law judge was affirmed and adopted without any further determination of entitlement to benefits for the period reserved.

On appeal, the appellant concedes that the appellee may have had a compensable injury to her neck, shoulders, and upper arms in February 1989, but it contests the finding of a causal connection between any compensable injury the appellee

may have suffered and the manifestation of carpal tunnel syndrome. In a workers' compensation case, the burden rests on the claimant to establish her claim for compensation by a preponderance of the evidence. *Bragg* v. *Evans St. Clair, Inc.*, 15 Ark. App. 53, 688 S.W.2d 959 (1985). In reviewing the sufficiency of the evidence to support the findings of the Workers' Compensation Commission, we review the evidence in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Tiller* v. *Sears, Roebuck & Co.*, 27 Ark. App. 159, 767 S.W.2d 544 (1989).

■ The appellee was the only witness at the hearing. She testified that the problems with her wrists decreased until she had to operate a particular gasket sometime just before February 1989, and again on February 14, 1989. She also stated that the pain in her neck and shoulders ceased after the surgery on each wrist. The question of credibility and the weight to be given testimony is a matter exclusively within the province of the Commission. *Hardin* v. *Southern Compress Co.*, 34 Ark. App. 208, 810 S.W.2d 501 (1991).

■■ The orthopedic surgeon's opinion letters which were introduced as evidence stated that the carpal tunnel syndrome was "most likely secondary to multiple repetitious use of the hands at work, and that, therefore, it would seem to be reasonable that it was directly related to her employment." This Court has stated that causal connection is generally a matter of inference, and possibilities may play a proper and important role in establishing that relationship. Moreover, medical opinions need not be expressed in terms of reasonable medical certainty when there is supplemental evidence supporting the causal connection. *Hope Brick Works* v. *Welch*, 33 Ark. App. 103, 802 S.W.2d 476 (1991). The claimant's own testimony was that her job involved extensive use of hands for eight hours per day, and that she had lived with this pain for the four years she was employed as a splicer. In view of this evidence coupled with the doctor's opinion, one could infer her injury was causally connected to her employment. On this evidence, the Commission found that the appellee's carpal tunnel syndrome was directly related to her employment.

■■ We may reverse the Commission's factual decisions only when we are convinced that fair-minded persons, with the

same facts before them, could not have reached the conclusion arrived at by the Commission. *Snow* v. *Alcoa*, 15 Ark. App. 205, 691 S.W.2d 194 (1985). The question is whether the evidence supports the findings made by the Commission and even if the decision is against the preponderance of the evidence, we will not reverse where its decision is supported by substantial evidence. *Id*. Though the causal connection here may only be by mere inference, we believe that reasonable minds could reach the same conclusion as that of the Commission, and we therefore hold that substantial evidence supports the Commission's conclusion that the appellee sustained a compensable injury to her wrists and hands subsequent to February 1989, but prior to June 10, 1989.

The appellant also contends that the Commission erred in reserving the issue of the appellee's entitlement to temporary total disability benefits between February 1, 1989 and June 10, 1989. We agree. The Commission affirmed and adopted the decision of the administrative law judge, which includes the following:

> 7. The record concerning the appropriate periods of temporary disability prior to June 10, 1989, and subsequent to February 1, 1989, is not sufficiently complete to allow a determination which would be fair and just to all parties concerned, and a determination in regard to the claimant's entitlement to such benefits during this period is reserved for future determination upon further development of the record, if necessary.

It is the duty of the Workers' Compensation Commission to translate the evidence on all issues before it into findings of fact. *Sanyo Manufacturing Corporation* v. *Leisure*, 12 Ark. App. 274, 675 S.W.2d 841 (1984). The Commission's statutory obligation is to make specific findings of fact and to decide the issues before it by determining whether the party having the burden of proof on an issue has established it by a preponderance of the evidence. *White* v. *Air Systems, Inc.*, 33 Ark. App. 56, 800 S.W.2d 726 (1990); Ark. Code Ann. § 11-9-705(a)(3) (1987). The quoted paragraph is not a finding of fact, but is a declination to find a fact.

Ark. Code Ann. § 11-9-705(c)(1) provides that all evidence shall be presented to the Commission at the initial hearing on the controverted claim. The burden of proving a case beyond specula-

tion and conjecture is on the claimant. *Bragg, supra*; 3 Arthur Larson, *The Law of Workmen's Compensation*, § 80.33(a) (1952).

By reserving the issue of whether the appellee was entitled to temporary total disability benefits for the period from February to June 1989, the Commission simply declined to say that the appellee failed to meet her burden of proof on this issue. This constitutes error on the part of the Commission as our workers' compensation statute states that the evidence shall be weighed impartially, and without giving the benefit of the doubt to any party. Ark. Code Ann. § 11-9-704(c)(4). The Commission has allowed the appellee a "second bite at the apple" by giving her another opportunity to present evidence substantial enough to carry her burden. Though we do not interfere with the actions of the Commission unless we find it has acted without or in excess of its authority, *Allen Canning Company* v. *McReynolds*, 5 Ark. App. 78, 632 S.W.2d 450 (1982), disregarding its duty to find the facts in order to give the appellee the benefit of the doubt is not within the Commission's authority.

Therefore, we hold that reserving the issue of the appellee's entitlement to temporary total disability benefits from February 1 to June 10, 1989 is reversed. We hold that the appellee failed to meet her burden of proof on this issue, and therefore, she is denied benefits for the reserved period.

Affirmed in part; reversed in part.

ROGERS, J., concurs in the result.

JENNINGS and MAYFIELD, JJ., concur in part; dissent in part.

JOHN E. JENNINGS, Judge, concurring in part, dissenting in part. I agree with the majority's view that there is substantial evidence to support the Commission's finding of a causal connection between the claimant's injury and her employment. I disagree, however, with the majority's view that the administrative law judge exceeded his authority in reserving the issue of temporary disability for the period of time between February 1, 1989, and June 10, 1989. The majority is of course right in saying that the Commission has a duty to make findings of fact and to decide the issues presented to it. It is also true that the claimant had the burden of proof.

The duty to decide issues does not arise, however, until all the evidence is in. Until that point is reached the "burden of proof" is irrelevant. The determination as to whether all the evidence is in, or stated another way, whether the record is fully developed, is one which must be made initially by the administrative law judge who hears the case. Arkansas statute law expressly authorizes the action taken by the administrative law judge in this case. "Further hearings for the purpose of introducing additional evidence will be granted only at the discretion of the hearing officer or commission." Ark. Code Ann. § 11-9-705(c)(1) (1987). So do the Commission's own rules: "The Commission may, in its discretion, postpone or recess hearings at the instance of either party or on its own motion." W.C.C. Rule 13 (1988). Although an agency's interpretation of its own rules is not binding upon the courts, it is highly persuasive. *Sparks Reg. Med. Ctr.* v. *Arkansas Dept. of Human Serv.*, 290 Ark. 367, 719 S.W.2d 434 (1986). Arkansas Code Annotated Section 11-9-705(a)(1) provides that the Commission, in conducting a hearing, is not bound by technical rules of procedure, but may conduct the hearing "in a manner as will best ascertain the rights of the parties." The Commission may even institute an investigation of a claim on its own. *See* Ark. Code Ann. § 11-9-205(b)(1) and (c) (1987).

In the case at bar there is no inconvenience to appellant, nor for that matter to this court, associated with the administrative law judge's decision. Necessarily, the question of when the claimant's healing period ends remains to be decided. There is no apparent reason why the issue reserved cannot be decided at the same time.

Even in a criminal case, where the court is undoubtedly "bound by technical rules of procedure," after the state has rested and the defendant has moved for a directed verdict, a circuit judge has the discretionary authority to permit the state to reopen. *See Cameron* v. *State*, 278 Ark. 357, 645 S.W.2d 943 (1983). That authority is inherent, not statutory. Surely the ALJ likewise had the inherent authority to recess the hearing for the purpose of taking additional evidence, but that question need not be reached because the action taken was expressly authorized by statute and the Commission's own rule.

I would affirm the Commission's decision.

MAYFIELD, J., joins.