SCIFRES *v.* STATE.

4888                                            308 S. W. 2d 815

Opinion delivered January 13, 1958.

*C. T. Sims* and *D. A. Clarke,* for appellant.

*Bruce Bennett, Atty. General; Thorp Thomas, Asst. Atty. General,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellant, A. D. Scifres, by information was charged with the crime of robbery. Trial resulted in a verdict of guilty and the jury fixed his punishment at a term of three years in the penitentiary. This appeal followed.

For reversal appellant has brought forward 19 assignments of alleged errors. In assignments 16, 17 and 18 he, in effect, challenges the sufficiency of the testimony. The testimony shows that on May 28, 1957, Scifres and the victim of the robbery, Oscar Hunsaker, had been together in Little Rock and later in the afternoon returned to Pine Bluff, where Hunsaker left Scifres and went on to his home in Star City. Appellant and an accomplice, Charles Hackney, in appellant's truck went from Pine Bluff to Dumas to sell some vegetables. Scifres had on occasion borrowed money from Hunsaker and knew that he had a substantial amount of money with him on that day. In company with Hackney, Scifres went to Hunsaker's home (at about 9 p.m.) called him to his front door, struck him over the head, knocked him down and took his wallet which contained about $285. Both Hackney and appellant later admitted the robbery but each accused the other of actually

taking the money. On the above brief statement of material facts, we hold the evidence ample to convict appellant.

By assignments 1 and 2 error is alleged in the refusal of the trial court to excuse veniremen McLemore and Russ. On *voir dire* McLemore testified that he had served as a peace officer, and when asked by the court if he were prejudiced against people accused of crime, he replied: "Well, to some extent." After further questioning, however, he said in effect that he would lay aside any prejudice and try the case on the law and the evidence. In similar situations we have held the juror qualified. See *Lewis and Wren* v. *State,* 220 Ark. 914, 251 S. W. 2d 490 and *Buchanan* v. *State,* 214 Ark. 835, 218 S. W. 2d 700. We hold, therefore, that there was no abuse of the court's discretion in holding this juror qualified in the circumstances.

The other venireman, Russ,—a Negro who had reached the 7th grade in school,—was challenged by the appellant on the ground that he lacked sufficient education to understand or comprehend the court's instructions. Specifically he based this contention on the following: "Q. Can you define . . . the words bias and prejudice? A. You have something within you against. Q. Can you define . . . the word duress. A. No, sir. Q. Can you define . . . the word intimidation? A. I am sorry. Q. You have no idea? A. No, sir, why I wouldn't express. Q. Can you define . . . presumption of i n n o c e n c e . . .? A. That he is not guilty. Q. Can you define . . . present ability. A. I am sorry." Also on certain answers given by Russ (Appellant's abstract): "I have lived northeast of town about twenty years. I have not had any experience that would cause me to be prejudiced against the crime of robbery. No, I would not be prejudiced if evidence shows defendant drank liquor to excess. No. I do not drink. I have never sat on a jury before. I am 49 years old. If some reasonable doubt as to guilt existed in my mind I would acquit Mr. Scifres. I would follow the testimony and law and would follow my own opinion."

We find no abuse of the court's discretion in declaring Russ qualified when reasonable tests as to qualifications were applied, as here. The text writer in 31 Am. Jur., Jury, Sec. 131 used this language: ". . . It is not necessary, of course, that a juror should be a scholar and understand the definition of every word used in the course of a trial by witnesses, counsel, and the court. It is sufficient if he is conversant with the language to the extent that he can understand in substance the testimony of witnesses and the argument of counsel. An objection based on a juror's supposedly imperfect knowledge of English is one addressed to the judgment of the trial court, and unless flagrant abuse of discretion clearly appears, the court's ruling thereon is seldom disturbed . . ." We said in *Montaque* v. *State*, 219 Ark. 385, 242 S. W. 2d 697: "Jurors must be presumed to possess the qualifications required under Sec. 39-208 and 39-206 of the statutes (Ark. Stats. 1947) and that is 'persons of good character, of approved integrity, sound judgment, and reasonable information'." The Supreme Court of the United States in the case of *The Sioux City & Pac. RR Co.* v. *Harry G. Stout*, (1873) 17 Wall 657, 21 L. Ed. 745, set out what it termed to be the complexion and general qualifications of the members of the ideal jury under our jury trial system: "Twelve men of the average of the community, comprising men of education and men of little education, men of learning and men whose learning consists only in what they have themselves seen and heard, the merchant, the mechanic, the farmer, the laborer; these sit together, consult, apply their separate experience of the affairs of life to the facts proven, and draw a unanimous conclusion. This average judgment thus given it is the great effort of the law to obtain. It is assumed that twelve men know more of the common affairs of life than does one man; that they can draw wiser and safer conclusions from admitted facts thus occurring, than can a single judge."

In Assignments 4, 5, 6 and 7 Scifres contends that the court erred in permitting the prosecuting attorney to question him about prior convictions. It appears un-

disputed that appellant was interrogated on his cross-examination only as to prior convictions except in one instance when he was asked if he had ever been arrested for grand larceny in Mississippi, but he was not permitted to answer this latter question, on instruction by the court. These questions were proper as going to his credibility as a witness, and the court so limited it. See *Rutledge* v. *State,* 222 Ark. 504, 262 S. W. 2d 650.

In Assignments 8, 9, 10, 11, 12, 13 and 15 appellant argues that the court erred in giving instructions 1, 2, 3, 4, 5, 6 and 8. In assignment 14 Scifres specifically objected to instruction 7 on the ground that larceny is not included in robbery. The record reflects that only a general objection was made to all of the above instructions with the exception of No. 7. Upon examination we do not find that any of these instructions, to which only a general objection was made, was inherently wrong. It was appellant's duty to point out to the court, by a specific objection, any evil or error in these instructions in order to afford the court an opportunity to make corrections if necessary. This he failed to do, as indicated, in all but No. 7, to which he specifically objected on the ground that larceny did not include robbery. Instruction 7 provided: "Every person who shall for his own gain, or to prevent the owner from again possessing his property, buy or receive (any stolen goods, or anything the stealing of which is declared to be larceny, or) property obtained by robbery or burglary, knowing the same to have been so obtained, shall upon conviction be punished as in cases of larceny." The answer to this contention of appellant is, that larceny is included in the crime of robbery. See *Haley* v. *State,* 49 Ark. 147, 4 S. W. 746, and *Cook* v. *State,* 130 Ark. 90, 196 S. W. 922. We hold, therefore, that instruction 7 was correct.

In Assignments 3 and 19 appellant contends that the court erred in permitting the prosecuting attorney to attempt to impeach him by reading his prior alleged inconsistent statement and further erred in failing to require the introduction of appellant's original confession. In answer it suffices to say, it has long

been the rule in this state that a witness may be impeached by showing that he has made prior inconsistent statements. See Sec. 28-707, Ark. Stats. 1947; *Hamm* v. *State,* 214 Ark. 171, 214 S. W. 2d 917, *Comer* v. *State,* 222 Ark. 156, 257 S. W. 2d 564; *Eddington* v. *State,* 225 Ark. 929, 286 S. W. 2d 473. Appellant's objection that the original confession was not introduced in evidence is not supported by the record. The record reflects that appellant's statement or confession was introduced in evidence without objection. It is, therefore, too late for appellant to complain at this time. See *Jenkins* v. *State,* 222 Ark. 511, 261 S. W. 2d 784.

Finding no error, the judgment is affirmed.