LARRY DARNELL MCCLENDON *v.* STATE OF
ARKANSAS

CR 73-68                                        496 S.W. 2d 428

Opinion delivered July 9, 1973

*Howard, Howard & Howard,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,*
Deputy Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was charged by in-
formation with robbery involving the theft of a purse.
The trial court, sitting as a jury, found him guilty of
grand larceny. Of course, larceny is included in the crime
of robbery. *Scifres* v. *State,* 228 Ark. 486, 308 S.W. 2d
815 (1958). Afterwards the trial court heard testimony
and determined appellant had committed two prior
criminal offenses. Appellant was then sentenced to 10
years imprisonment in the state penitentiary. For rever-
sal he contends, through his court appointed counsel, that
the trial court erred in permitting the state to further
examine the prosecuting witness as to the value of the
stolen property after it had rested its case. We find no
error.

After the state rested its case, the court allowed it
to reopen and adduce, through the prosecuting witness,
evidence that her purse and its contents approximated

$75 in value or in excess of $35, thus placing the crime in the grand larceny category. The procedure was permissible. Ark. Stat. Ann. § 43-2114 (1964 Repl.) provides that the court may allow for good reason, in furtherance of justice, the parties to offer evidence upon the original case after having rested. "We have likewise so held numerous times, stating that it is within the trial court's sound discretion and furtherance of justice, to permit the state to present witnesses after resting, where circumstances are such as to not prejudice defendant through surprise or otherwise when the disadvantage cannot be overcome." *Rochester* v. *State*, 250 Ark. 758, 467 S.W. 2d 182 (1971). See, also, *Bland* v. *State*, 251 Ark. 23, 470 S.W. 2d 592 (1971), where we held that the trial court properly exercised its discretion in permitting the state to reopen its case to show the value of the property stolen exceeded $35. Appellant here recognizes that it is within the discretion of the trial court to permit a case to be reopened and additional evidence adduced. However, he asserts the court abused its discretion inasmuch as the additional testimony was a surprise and disadvantageous to him. It is difficult to perceive how the testimony complained of was a surprise or prejudicial when it could have been presented in the state's original case. As previously indicated, larceny is included in the crime of robbery. Furthermore, upon the state's initial proof, evidence was adduced that appellant admitted the purse contained approximately $36 in cash before dividing it with his two confederates. In these circumstances, finding no abuse of discretion or error prejudicial to appellant, we affirm the judgment of the trial court.

Affirmed.