Curtis WATSON *v.* STATE of Arkansas

CR 85-221                                              709 S.W.2d 817

Supreme Court of Arkansas
Opinion delivered May 27, 1986

*Linda P. Collier*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant was convicted of capital murder and sentenced to life in prison without parole. His two points for reversal are (1) that by virtue of his having to use two of his peremptory jury challenges to remove jurors who should have been dismissed for cause, he was forced to allow two jurors objectionable to him to be seated, and (2) that the evidence was insufficient to show he acted with deliberation and premeditation when he killed his wife and father-in-law. We affirm because the appellant did not make a record showing the manner in which the jurors of whom he complained were objectionable, and because we regard the evidence of premeditation to have been sufficient.

### 1. The Jurors

The appellant was forced to exercise two of his peremptory challenges to exclude from the jury two jurors who should have been excluded for cause. To preserve this error for appeal, we require the appellant to show prejudice, i.e., that he was forced to accept a juror against his wishes. *Conley* v. *State*, 270 Ark. 886, 607 S.W.2d 328 (1980). No such record was made at the close of the jury voir dire.

During the trial, one of the seated jurors was dismissed for misconduct. An alternate juror was seated. At that point, counsel for the appellant told the court he would have peremptorily challenged the last two jurors seated if he had had any peremptory challenges remaining, although he conceded the last two jurors seated could not have been successfully challenged by him for cause. The court noted that the defense should have made a record of his objection to the two jurors at the close of the jury voir dire, and it was too late to register the objections once the trial had begun.

Whether or not the objection came too late, the appellant did not present to the trial court and has not presented to us any possible basis for finding the last two jurors to have been objectionable. Despite the lack of any abstract of the voir dire of these jurors, we have, in the process of reviewing the record

pursuant to our Rule 11(f), read their responses to questions on voir dire. We find nothing in those responses which could conceivably have been objectionable to the appellant.

## 2. Sufficiency of the Evidence

The appellant contends the state's evidence was insufficient to show a "premeditated and deliberated purpose of causing death," an element of capital murder under Ark. Stat. Ann. § 41-1501(c) (Repl. 1977) which defines the offense with which he was charged. The appellant admitted on the witness stand that he went to a rent house into which his estranged wife was moving and waited inside the house until his wife and her father arrived. He and his father-in-law argued, and he picked up a pine knot and hit his father-in-law one or more times and then struck his wife as he was leaving. He said he threw the pine knot into a briar patch as he went back to the place where his truck was parked. He admitted having been at the same house the previous day waiting for his wife and her father, but they did not appear.

The state's evidence showed that a moist wood-splitting maul was found in the appellant's pick up truck shortly after the offense occurred and that the maul was clean and was lying in damp leaves in the bed of the truck. It appeared to have been washed and laid there to dry. Photographs and photographic overlays showed that the wounds to the victims were consistent with having been made by the blunt edge of the maul.

Other state's evidence showed that the appellant's wife feared she would be killed by him and that the appellant had angrily confronted her and her father on numerous occasions.

The appellant presented psychological expert testimony to the effect that he was a "reactor, not a thinker," and was not, by virtue of a mental disorder, capable of planning a murder. The jury could have agreed, but it did not.

The evidence from which the jury could have determined premeditation and deliberation was ample. Testimony showed that on the day of the murder the appellant parked his truck about a quarter mile from the murder scene in a place where the truck could not be seen from the house where the murders occurred. From the evidence of the presence and condition of the splitting maul, the jury could have concluded the appellant carried it from

his truck into the house to use as a weapon, then carried it back outside and washed it before returning it to the bed of his truck. The appellant's wife had told her mother that the appellant had threatened to kill her, and there was testimony from which it could have been concluded the appellant had physically abused his wife over the period of time they were suffering marital difficulties including a dispute over custody of their daughter.

The appellant argues the evidence relied upon by the state to show premeditation was equally supportive of the appellant's testimony that he impulsively killed the victims, having gone to his wife's house just to confront her and her father over custody of the child. In *Jones* v. *State*, 269 Ark. 119, 590 S.W.2d 748 (1983), we said the substantial evidence test is not satisfied if the evidence gives equal support to inconsistent inferences. Here, we view the evidence from which the jury could have concluded the appellant carried the maul into the house from his truck parked a quarter of a mile away and lay in wait for the victims for the second consecutive day as not supportive of any inference other than premeditation and deliberation. It was sufficient.

Affirmed.

PURTLE, J., not participating.