Earnest Lee WADE *v.* STATE of Arkansas

CR 79-19                                                716 S.W.2d 194

Supreme Court of Arkansas
Opinion delivered September 22, 1986

Appellant, *pro se.*

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. In 1977, appellant was serving a fifteen year sentence for committing the crimes of grand larceny, burglary, and armed robbery in Union County. He was scheduled to become eligible for parole from the Cummins Unit of the Department of Correction in June of 1979. He filed a petition for post-conviction relief and, in June of 1977, prison officials received a court order in the mail, purportedly from the Union County Circuit Court, which stated that appellant's convictions "are declared void and of no force and effect, and case numbers CR-74-30, CR-74-58, and CR-74-73, are hereby dismissed." Prison officials consulted the attorney general's office about the validity of the order. After being assured the order was valid, prison officials released appellant in June 1977.

Four months later, in October 1977, appellant was arrested on an unrelated matter and was jailed. His cell was searched, and officials discovered a copy of the purported Union County Circuit Court order and two unused envelopes bearing the printed return address of the Union County Circuit Clerk. Further investigation revealed that the order was a forgery. Appellant was charged in a two count information with second degree forgery and second degree escape. On September 25, 1978, appellant was found guilty of second degree escape but was acquitted on the forgery count.

Appellant filed a timely notice of appeal and petitioned the trial court to allow him to proceed as a pauper. The trial court refused to allow appellant to appeal as a pauper since his affidavit detailing his financial situation revealed that he owned a one-third interest in 182 acres in Flint, Michigan. One week after his motion was denied appellant sent a letter to the trial judge asking

for an evidentiary hearing and stating that he did not immediately expect to receive any funds from the land and that he had no money. The trial court took no further action. Appellant filed a habeas corpus petition in federal district court. That court denied the petition. On appeal, the Eighth Circuit Court of Appeals remanded to the federal district court for an evidentiary hearing, stating that appellant's constitutional right to be represented by counsel may have been violated. *Wade* v. *Lockhart*, 763 F.2d 999 (8th Cir. 1985). The federal district court ultimately found that appellant had been wrongly denied the right to counsel. On October 22, 1985, this Court ordered the appeal reinstated and appointed counsel for this appeal. Jurisdiction is in this Court because the judgment of conviction was entered prior to July 1, 1979, the date the Court of Appeals was impanelled. Rule 29(1). We affirm the conviction.

Both appellant and his attorney have filed briefs in this court. One of the principal points of appeal is that the verdicts of guilty of escape but not guilty of forgery are inconsistent and, consequently, cannot stand. We need not examine the argument in detail since consistency in verdicts is not necessary. Each count in an information or indictment is regarded as if it were a separate information or indictment. *Dunn* v. *United States*, 284 U.S. 390 (1932); *United States* v. *Powell*, ___ U.S. ___, 105 S.Ct. 471 (1984); and *see Brown* v. *Parker*, 217 Ark. 700, 233 S.W.2d 64 (1950). If separate informations had been filed against appellant for escape and forgery, and had been separately tried, and the same evidence presented in both cases, an acquittal on one could not be pleaded as collateral estoppel to the other. Where the same offenses are separately charged in two counts of one information the same rule must hold. *Dunn* v. *United States, supra.*

Appellant and his attorney, in their separate briefs, make four arguments which are essentially that the evidence was insufficient to sustain a guilty verdict for second degree escape.

A person commits the offense of second degree escape if he escapes from a correctional facility. Ark. Stat. Ann. § 41-2811(1)(c) (Repl. 1977). The word "escape" is defined as meaning the unauthorized departure of a person from custody of a correctional facility. Ark. Stat. Ann. § 41-2801(3) (Repl. 1977). Appellant contends that there was no proof of his mental

culpability and that his departure was not unauthorized.

There is substantial evidence of appellant's culpable mental state. Before his release, appellant told a fellow inmate that he was working on some papers which would get him out of the penitentiary early. Appellant also told the inmate that he might escape from the penitentiary. After his escape he was arrested on an unrelated charge and placed in jail. In his cell officials found an exact copy of the forged order and two unused envelopes bearing the return address of the Union County Circuit Clerk. The significance of the copy of the forged order is obvious. The significance of the unused envelopes is that they are identical to the one which was used to mail the forged order to the penitentiary officials. Of course, appellant was the sole beneficiary of the forged document which was supposedly entered in response to the post-conviction petition which he filed.

There is also substantial evidence that the departure was unauthorized. The appellant was released on the basis of the document which purported to be a certified copy of an order of the Union County Circuit Court setting aside his earlier convictions. Both the circuit judge and the circuit clerk testified that their signatures on the purported order were forgeries. Nevertheless, appellant contends that because the attorney general's office stated the order was valid, his discharge was not unauthorized. The argument is without merit. The erroneous advice from the attorney general did not legitimize the fraudulent order. A release based upon a fraudulent order, coupled with substantial evidence of appellant's culpable mental state, is not an authorized release.

Appellant next contends that the trial court committed error in refusing to grant a continuance. To prevail on the point, the burden of demonstrating that there has been an abuse of discretion rests upon appellant. Appellant does not meet that burden.

The trial court first appointed Pamela Baxter to represent appellant but, at her request, she was relieved as counsel. On August 23, 1978, Richard Byrd was appointed, but appellant would not discuss his case with Byrd. Appellant's version of his refusal to discuss the case is set out in his pro se brief as follows:

On August 23, 1978, the trial court appointed Richard Byrd as attorney of record to the appellant. Appellant was not, however, made aware of this appointment at the time. Approximately two weeks prior to trial, Mr. Byrd visited the appellant stating that he had been appointed as counsel and wanted to discuss the case facts. Appellant not being privy to the Court's action, responded that he could not discuss the case with a stranger nor could he accept Mr. Byrd as being the appointed counsel until such was confirmed by the court.

Byrd went ahead and obtained full discovery of the state's witnesses, examined copies of the state's proposed exhibits and prepared to go to trial. Appellant then wrote Byrd as follows:

"Dear Mr. Byrd:

In talking to you earlier this month, it was my understanding based on what you said, that you were to be appointed to represent me. I now discover from my sources that you have already been appointed to represent me. And because of this, I find it necessary to write you this letter.

I am certain that you have complied to this appointment because the Circuit Court ordered it. And I can somewhat understand your position. However, at no time, have I expressed to Court a desire for appointment of counsel. Therefore, as far as I am concerned, you don't represent me. Besides I have been informed you are acting in concert with the Prosecutor there in Pine Bluff.

So when I appear in Court next week, please understand that you do not represent me."

On September 25, 1978, the day the case was set for trial, the following colloquy took place:

THE COURT: I have received a petition from the defendant. I don't believe it's been filed in this case; but, nevertheless, I did receive a copy in my office. I'll see that it is filed, in which the defendant states that he did not desire an attorney to represent him and specifically requested that Mr. Byrd not represent him in the matter, if I understand that correctly.

Was that the substance of your petition, Mr. Wade, that you did not want an attorney to represent you?

MR. WADE: Which petition are you speaking of?

THE COURT: I am speaking of the petition where you asked that Mr. Byrd not represent you.

MR. WADE: Well, I wrote you a letter referring to Mr. Byrd.

THE COURT: It was not a petition? It was a letter?

MR. WADE: Yes.

THE COURT: Well, I'll see that is put in the file. It doesn't appear to be in this file.

Is that your desire not to have a lawyer representing you in the trial of this case?

MR. WADE: It's my desire.

A few moments later appellant stated that he had changed his mind and desired to accept Byrd's appointment as his attorney, but that Byrd had not fully discussed the case with him and he needed a continuance to discuss the case with Byrd.

Appellant, with his vast experience in criminal courts and in writ writing, was obviously attempting to prevent his scheduled trial and thwart the court system. The motion, under the circumstances set out was a hoax and a sham. The trial court was unquestionably correct in denying the motion.

Appellant's final argument is that the trial court erred in instructing the jury in the language of AMCI 2811. However, the appellant offered no objection to the instruction. One who does not object to an instruction, stating the matter to which he objects and the ground for his objection, is precluded from raising the matter on appeal. *Ply* v. *State*, 270 Ark. 554, 606 S.W.2d 556 (1980).

Affirmed.