Ronnie HAYNES *v.* STATE of Arkansas

CR 92-1067                                   846 S.W.2d 179

Supreme Court of Arkansas
Opinion delivered February 1, 1993

*William R. Simpson, Jr.*, Public Defender, by: *Kent C. Krause*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Ronnie Haynes appeals from three felony convictions for rape, robbery, and theft and argues that the prosecutor commented on parole in her closing argument during the penalty phase of the trial. He further contends that the circuit court erred in resentencing him on his Rule 37 petition after his prior felonies had been reversed by this court. We hold that no prejudice occurred, and we affirm.

On June 11, 1991, an information was filed charging Haynes with rape, aggravated robbery, and theft of property in connection with a May 3, 1991 attack upon the victim in this case. The information was subsequently amended to add a habitual-offender charge. This matter was tried, and the jury returned a verdict of guilty on all offenses. During the penalty phase of the trial, the prosecutor argued that she was asking the jury for the

maximum penalty on all offenses because "we don't know how long life is, but we do know how long 500 plus years is." Haynes moved for a mistrial claiming that the prosecutor was commenting on parole. The court denied the motion. The jury thereafter sentenced appellant to two life sentences for rape and robbery, to run consecutively, and a forty-year sentence for theft, to run concurrently. The following events then transpired:

- On June 9, 1992, judgment was entered.

- On June 10, 1992, Haynes filed a *pro se* motion entitled Motion for a New Trial which was filed pursuant to Rule 37 and which asserted ineffective counsel as the sole ground for relief.

- On June 15, 1992, this court reversed the prior convictions that formed the basis for Haynes's habitual-offender status. *Haynes* v. *State*, 309 Ark. 583, 832 S.W.2d 479 (1992).

- On June 25, 1992, Haynes filed a notice of appeal from his rape, robbery, and theft convictions.

- On July 16, 1992, Haynes filed a Rule 37 Petition seeking to set aside the judgments and dismiss on double jeopardy grounds or, in the alternative, for a new trial.

The Rule 37 Petition filed on July 16, 1992, was heard by the circuit court on August 11, 1992, and denied. Haynes was then resentenced by the court and received life imprisonment for rape, twenty years for aggravated robbery, and ten years for theft of property, to run consecutively.

Haynes first contends that the trial court erred in failing to grant his motion for mistrial because the prosecutor referred to parole by implication during her closing argument in the penalty phase. He argues that the fact that the jury returned such a harsh sentence is evidence of the resulting prejudice. His position is further bolstered, he contends, by the fact that the jury, during its deliberations, sent the court a note questioning at what point Haynes would be eligible for parole after receiving a life sentence.

The state raises as a preliminary argument lack of jurisdiction in this court because there was no timely notice of appeal

given. Specifically, the state argues that after judgment was entered, Haynes filed a *pro se* motion for new trial. Prior to the date the motion for new trial was deemed denied, Haynes filed a notice of appeal. Therefore, according to the state, the notice of appeal was ineffective under Ark. R. App. P. 4(c), and no valid appeal was taken.

The state's argument is without merit. Though styled as *pro se* motion for new trial, it cannot be seriously contended that the motion was anything other than one for Rule 37 relief. The motion refers to Rule 37 as its authority and all of its allegations concern the collateral issue of ineffective counsel. In determining what a motion is, we look to content and substance — not to titles. *Cornett* v. *Prather*, 293 Ark. 108, 737 S.W.2d 159 (1987); *see also Chambers* v. *State*, 304 Ark. 663, 803 S.W.2d 932 (1991) (per curiam). Because the motion was not in fact one for a new trial, the notice of appeal filed on June 25, 1992, effectively preserved the issue of the prosecutor's argument for our review.

Turning to the merits, we have held that neither the trial court nor counsel should comment on parole. *See Simmons* v. *State*, 278 Ark. 305, 645 S.W.2d 680 (1983). The rationale for this rule was announced in *Andrews* v. *State*, 251 Ark. 279, 472 S.W.2d 86 (1971), where we stated that parole should not be discussed because the jury would be inclined to impose excessive punishment in order to compensate for early release.

The prosecutor's comment regarding life and five hundred years certainly raises suspicions about the intent behind the remark. Nonetheless, we are not prepared to state with certainty that it was a comment on parole sufficient to invoke the drastic remedy of a mistrial. A mistrial is only granted when there has been an error so prejudicial that justice cannot be served by continuing the trial. *See Magar* v. *State*, 308 Ark. 380, 826 S.W.2d 221 (1992); *Muhammed* v. *State*, 27 Ark. App. 188, 769 S.W.2d 33 (1989). In such cases, the trial court is granted considerable discretion in determining whether to grant a motion for mistrial, and only when this court determines that the trial court abused its discretion will a decision to deny a motion for mistrial be reversed. *Dixon* v. *State*, 310 Ark. 460, S.W.2d (1992).

We note that Haynes argues that the trial court

should have given a curative instruction. This argument suggests that a remedy less drastic than a mistrial might have been invoked, yet Haynes did not avail himself of this lesser remedy. It was his burden to request curative relief, and his failure to request a limiting instruction cannot inure to his benefit on appeal. *Sullinger* v. *State*, 310 Ark. 690, 840 S.W.2d 797 (1992). Furthermore, if anything, an argument that he was entitled to a curative instruction undermines his argument that the error was so pronounced that only a mistrial could have rectified the situation.

In sum, we cannot say under these facts that the circuit court abused its discretion in refusing to grant a mistrial.

■ For his second point, Haynes objects to the resentencing by the circuit court pursuant to his Rule 37 petition and argues that he was entitled to dismissal of the charges as double jeopardy or, in the alternative, resentencing by a jury. Rule 37, however, is not properly before the court because an appellant can not simultaneously pursue a direct appeal and Rule 37 relief. Ark. R. Crim. P. 37.2(a); *see also Westbrook* v. *State*, 286 Ark. 192, 691 S.W.2d 123 (1985). If a conviction is appealed, the circuit court is not to entertain a Rule 37 proceeding while that appeal is pending. Ark. R. Crim. P. 37.2(a); *see also Edwards* v. *City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989). The circuit court erred in addressing the Rule 37 petition prematurely, and we will not consider the issue raised in a Rule 37 petition at this juncture.

The record has been examined in accordance with Ark. Sup. Ct. R. 11(f), and it has been determined that there were no rulings adverse to the appellant which constituted prejudicial error.

Affirmed.