Michale Ray FURLOUGH *v.* STATE of Arkansas

CR 92-1442                                              861 S.W.2d 297

Supreme Court of Arkansas
Opinion delivered September 13, 1993

*Jay E. Hoggard*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Michael Furlough appeals his conviction of aggravated robbery. Because he had four felonies, he was tried and convicted as a habitual offender and received a sentence of forty years imprisonment. He raises two points for reversal.

First, Furlough argues the trial court erred in allowing into evidence two officers' reports containing Furlough's confessions to robbing the Hurry Back store in El Dorado and an attempted robbery at Calion, Arkansas. Furlough was charged with the robbery on December 17, 1991, and afterwards he moved for discovery under Ark. R. Crim. P. Rule 17. On March 12, 1992, four days prior to trial, defense counsel first learned from Lt. Carolyn Dykes that she and Sergeant Byron Sarter had read Furlough his rights after his arrest, and each officer had obtained separate oral confessions from Furlough concerning the Hurry Back store robbery and the attempted robbery at Calion. The officers included these confessions in their respective reports and filed them with the El Dorado Police Department where they remained until Furlough's counsel located them on March 12. Furlough subsequently moved to suppress the confessions, and the trial court ordered a continuance until a hearing could be conducted on Furlough's motion. A hearing was held on April 23, 1992, when the trial court denied Furlough's motion and set a new

trial for May 14, 1992.

Furlough contends that he never confessed to any robbery and that the trial court should have disallowed introduction of the officers' reports containing his purported confessions because the state failed to disclose this material pursuant to Discovery Rule 17.

Rule 19.7(a) contains the following list of remedies that the court may employ when a party has failed to comply with the rules of discovery: (1) order such party to permit the discovery or inspection of materials not previously disclosed, (2) grant a continuance, (3) prohibit the party from introducing in evidence the material not disclosed, or (4) enter such order as it deems proper under the circumstances. It is within the trial court's discretion which sanction to employ, and here the trial court offered Furlough a continuance to deal with the surprise caused by the state's failure to reveal the officers' reports containing the confessions. See *Reed v. State*, 312 Ark. 82, 847 S.W.2d 34 (1993). We have held a continuance may be sufficient to cure the state's failure to comply with the discovery rule. *Id*. Here, Furlough fails to show how he was prejudiced. The trial court's continuance gave Furlough two months to prepare his case after having become aware of the officers' reports. Accordingly, we find no merit to Furlough's first argument.

Next, Furlough contends that the trial court erred in failing to grant his motion for mistrial when Lt. Dykes, on direct examination by the state, referred to "other robberies" with which Furlough was not charged. That colloquy follows:

> State: All right. What did Mr. Furlough tell you about his involvement in this armed robbery?

> Dykes: He told me very little. He denied having committed any robberies. In fact Mr. Furlough became hostile and belligerent as I attempted to interview him concerning the robberies . . .

> State: Can you be a little more specific about how he demonstrated this hostility or what kinds of things he was saying to you that demonstrated hostility?

> Dykes: I went into detail to explain to Mr. Furlough

why he was a suspect in the other robberies that he was not charged with.

Defense Counsel: May we approach the bench?

Court: Yes.

## PROCEEDINGS OF SIDE BAR:

Defense Counsel: You're talking about a bunch of stuff here that he's not even been charged with. She's mentioned other robberies three times.

Court: Is that your objection?

Defense Counsel: Yes, I'm objecting to it, and moving for a mistrial.

Court: Well, I think there is a problem with eliciting testimony about other events with which the defendant has not been charged.

State: The only basis at this point is the fact that the confession includes a confession to one of the other robberies. I'll limit the questions and I'll be very specific.

Defense Counsel: I would move for a mistrial, Your Honor.

Court: Well, it's going to be denied.

State: I will limit the testimony just to this particular incident. But in the confession there will be testimony that he has confessed to that robbery at the Hurry Back and also to the store in Calion.

Court: Mr. Hoggard [defense counsel], do you wish me to instruct the jury that they're not to consider other events with which this defendant [is] charged?

Defense Counsel: I would respectfully request that, Your Honor. But I want it noted that I make my exception to the ruling of the Court in not granting a mistrial.

## TO OPEN COURT:

Court: Ladies and gentlemen of the jury, Lieutenant Dykes and one other officer have made reference to what

has been described as a series of robberies or other robberies. I simply want to remind the jury at this time that this case involves only the specific offense, an incident, that has been described and as alleged in the information. This trial does not concern itself with other previous events and you are not to consider these references in any way with respect to your deliberations as to the specific charges in the case that we have before the Court and the jury today.

You may proceed.

State: Lieutenant Dykes, perhaps I need to ask you a more narrow question. You spoke with him about his participation in this robbery, is that right?

Dykes: That's correct.

State: And did he give you answers with regard to this robbery?

Dykes: Very few answers. Mr. Furlough spent most of his time in his conversation attempting to, how shall I say, explain to me that he was not capable of having committed those robberies.

State: I want to know about this robbery.

The foregoing colloquy reflects the trial court agreed that Dykes' references to other robberies were inadmissible and upheld Furlough's objection by giving a cautionary instruction. Nonetheless, Furlough maintains on appeal that only a mistrial would have corrected the introduction of such objectionable testimony.

■■ As this court has said on numerous occasions, mistrial is a drastic recourse and should be ordered only when the fundamental fairness of the trial itself has been manifestly affected. *Miller v. State*, 309 Ark. 117, 827 S.W.2d 149 (1992). A mistrial is to be granted only where any possible prejudice cannot be removed by an admonition to the jury. *Porter v. State*, 308 Ark. 137, 823 S.W.2d 846 (1992). Here, the trial court gave the jury an admonition to limit its concern and deliberations to the offenses alleged in the state's information and not to consider the references to other robberies. Defense counsel requested such an admonition, and while he continued his request for a mistrial,

counsel made no objection to the remarks or cautionary instruction the trial court made in this regard. In view of the trial court's admonition, we believe the trial court did not abuse its discretion in denying Furlough's mistrial motion. The trial court's admonition was particularly appropriate in light of Furlough's confessions which apprised the jury not only of his admission to having committed the aggravated robbery of Hurry Back, but also of his attempted robbery in Calion, Arkansas.[1] Certainly, Dyke's references paled in comparison to Furlough's actual confessions to the robbery with which he was charged.

In sum, we conclude the trial court's admonition during Officer Dykes' testimony was sufficient to remove any prejudice caused by the officer's improper reference to other robberies. Therefore, we affirm.

---

[1] Although Furlough moved to suppress his confessions because the state failed to provide them in timely fashion, no objection was made to strike the Calion attempted robbery offense because he had not been charged with such an offense. The other robberies alluded to by Dykes dealt with a series of separate robberies.