Kendall DILLON v. STATE of Arkansas

CR 93-1068

877 S.W.2d 915

Supreme Court of Arkansas
Opinion delivered June 20, 1994
[Rehearing denied September 12, 1994.]

386

*Tom F. Donovan*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Kendall Dillon, is a Pulaski County Deputy Sheriff who appeals a judgment of the Pulaski Circuit Court convicting him of the rape of a woman in his patrol car and sentencing him to twenty-one years in the Arkansas Department of Correction. Appellant was previously convicted of the same rape charge and sentenced to thirty-three years. We reversed the first judgment of conviction due to the prosecutor's misconduct. *Dillon* v. *State*, 311 Ark. 529, 844 S.W.2d 944 (1993). We have jurisdiction of this appeal since it follows a previous decision of this court. Ark. Sup. Ct. R. 1-2(a)(11). Appellant asserts eight points of error. We find merit to none of them and affirm.

## DIRECTED VERDICT/SUFFICIENCY OF THE EVIDENCE

██ We first discuss appellant's assertion that the trial court erred in failing to direct a verdict in his favor because this is, in essence, a question of the sufficiency of the evidence. *Mitchell* v. *State*, 314 Ark. 343, 862 S.W.2d 254 (1993). Preservation of an appellant's right to freedom from double jeopardy requires a review of the sufficiency of the evidence prior to a review of trial errors. *Davis* v. *State*, 314 Ark. 257, 863 S.W.2d 259 (1993); *Lukach* v. *State*, 310 Ark. 119, 835 S.W.2d 852 (1992); *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984). On appeal, this court determines if there is substantial evidence to support the verdict, viewing the evidence in the light most favorable to the appellee. *Mitchell*, 314 Ark. 343, 862 S.W.2d 254. Substantial evidence is evidence of sufficient force to compel a conclusion one way or the other, forcing the mind to pass beyond suspicion or conjecture. *Id.*

█ Appellant argues the state failed to prove an element of rape, namely forcible compulsion. Rape is defined in Ark. Code Ann. § 5-14-103 (Repl. 1993):

(a) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:

(1) By forcible compulsion[.]

"Forcible compulsion" is defined in Ark. Code Ann. § 5-14-101(2) (Repl. 1993) as "physical force or a threat, express or implied, of death or physical injury to or kidnapping of any per-

son." We further refined the definition of "physical force" in *Strawhacker* v. *State*, 304 Ark. 726, 731, 804 S.W.2d 720, 723 (1991) as "any bodily impact, restraint or confinement, or the threat thereof."

■ The victim's testimony was presented as substantial evidence of forcible compulsion and of rape. She testified that while in the passenger seat of the patrol car on a deserted road appellant kissed her, played with and squeezed her breasts, and put his fingers in her vagina after putting his hands down her pants and rubbing in the vaginal area. She offered appellant the tip money she had earned that night to leave her alone, but she testified appellant said he wanted her and not her money. She stated she was crying in the patrol car and felt like she would not make it home; she knew he was a police officer with a weapon and feared he would kill her. She also stated she told appellant repeatedly that she had to pick up her kids from the sitter and that when she tried to get away from appellant, he would pull her back to him.

■ This testimony clearly satisfies the requirements of forcible compulsion that the victim experience "bodily impact, restraint or confinement, or the threat thereof." This is sufficient evidence for the jury to have determined that appellant was guilty of rape. We have consistently held that the testimony of the prosecuting witness in a sexual offense case, including the testimony of a rape victim, need not be corroborated to constitute substantial evidence. *Davis* v. *State*, 308 Ark. 481, 825 S.W.2d 584 (1992); *Smith* v. *State*, 277 Ark. 64, 639 S.W.2d 348 (1982); *Rogers* v. *State*, 237 Ark. 437, 373 S.W.2d 705 (1963); *Palmer* v. *State*, 213 Ark. 956, 214 S.W.2d 372 (1948), *cert. denied*, 336 U.S. 921 (1949); *Cabe* v. *State*, 182 Ark. 49, 30 S.W.2d 855 (1930).

## MOTIONS FOR MISTRIAL

■■ Appellant next argues that the trial court erred in denying his three motions for mistrial. As we have said many times, mistrial is a drastic remedy and should be ordered only when the fundamental fairness of a trial has been manifestly affected; *Furlough* v. *State*, 314 Ark. 146, 861 S.W.2d 297 (1993); and only where any possible prejudice cannot be removed by an

admonition to the jury. *Id.* Furthermore, the trial court is granted considerable discretion in determining whether to grant a motion for mistrial, and only when this court determines that the trial court abused its discretion will a decision to deny a motion for mistrial be reversed. *Haynes* v. *State*, 311 Ark. 651, 846 S.W.2d 179 (1993).

The first motion came after the state began redirect examination of the victim. During cross-examination, appellant's counsel identified a woman by name and asked if the victim knew the woman. The victim stated she had spoken to the woman on the telephone and continued to answer additional questions about the circumstances of that conversation, though the substance of the conversation was never mentioned. On redirect, the prosecutor asked the victim why she had called the woman. Over appellant's sustained objection, the prosecutor cautioned the victim not to repeat any hearsay. Despite the objection being sustained and the caution from the prosecutor, the victim then stated that she had telephoned the woman because the same thing had happened to the woman two nights after the rape happened to the victim. Appellant moved for a mistrial, arguing the impression was given that appellant had done the same act to two different women without the benefit of the other woman's testifying on the stand. The trial judge excused the jury and heard arguments in chambers. The trial court noted that though the testimony nearly called for a mistrial, defense counsel had clearly opened the door to the allegedly prejudicial statements. The trial judge then denied the motion. No curative instruction was requested nor did appellant ask to strike the victim's testimony.

On the record before us, we cannot say the trial court abused its discretion in denying the mistrial. As a matter of trial tactics, appellant's counsel anticipated the other woman's testimony and thus chose to inquire about the victim's version of the interchange between the two women. Thus, given that appellant did indeed open the door to the subject of the other woman, coupled with the noticeable absence of bad faith on the part of the prosecutor, we simply cannot say the trial court abused its discretion in this regard.

For his second argument that a mistrial should have been granted, appellant asserts the trial court erred in making com-

ments about appellant's counsel which were possibly heard by two jurors, though at recess. The trial judge supposedly said to other persons in the courtroom, within hearing distance of the jurors, that defense counsel was trying his patience. Counsel asked for a mistrial and asked to question the two jurors. Both requests were denied.

This court has stated that because of the great influence a trial judge has on a jury, the judge should refrain from making unnecessary comments which could prejudice one of the litigants or influence the jury. *Oglesby* v. *State*, 299 Ark. 403, 773 S.W.2d 443 (1989); *Divanovich* v. *State*, 271 Ark. 104, 607 S.W.2d 383 (1980). When considering whether a trial judge's remarks to a defense counsel deprived a defendant of a fair trial, we look to the totality of the circumstances. *Peals* v. *State*, 266 Ark. 410, 584 S.W.2d 1 (1979). Where the record reveals the trial judge was merely irritated by defense counsel's tactics, reversible error has not occurred. *Smith* v. *State*, 308 Ark. 603, 826 S.W.2d 256 (1992); *see Peals*, 266 Ark. 410, 584 S.W.2d 1. Even assuming that the jurors heard the judge's remarks, the remarks made were mild statements expressing the trial judge's irritation with counsel's trial tactics. They were not the kind of comments that cause prejudice and deny a party a fair trial. Therefore, we do not find an abuse of discretion in denying the mistrial.

 Appellant argues that his third motion for mistrial was denied in error. In this instance, the prosecutor attempted to impeach appellant's prior testimony by asking on cross-examination whether he had told the arresting officers that he weighed 275 pounds. Appellant had just testified on direct examination that he weighed about 300 pounds. Appellant responded in the negative, stating the arresting officers took the 275 figure off his old driver's license. Defense counsel moved for a mistrial which was denied. Given appellant's negative response to the question, we cannot say he suffered any prejudice. Therefore, the trial court did not abuse its discretion in denying the mistrial.

### EVIDENTIARY RULING

Appellant next contends the trial court erred in not allowing appellant to refer to a transcript of radio calls made to and from appellant's patrol car around the time of the alleged rape.

The trial court had previously allowed appellant to hand out copies of the transcript to the jury. As appellant began to testify, his counsel asked him to describe the events of the early morning, though asking him not to read from the transcript. The state objected to his using the transcript as an improper means of eliciting testimony, though appellant could use it to properly refresh his recollection. The trial court ruled that appellant could use the exhibit "for any proper purpose."

Appellant contends the trial court erred in its application of A.R.E. Rule 612. It is impossible to see error in such a ruling when we have said that a witness may occasionally consult a writing to refresh his memory, but it is his testimony and not the writing which is to be the evidence. *Sweat* v. *State*, 307 Ark. 406, 820 S.W.2d 459 (1991). We do not read this to imply one may read from a transcript which is beyond the bounds of refreshing recollection. The trial court did not abuse its discretion in this ruling.

## MOTION TO STRIKE VENIREWOMAN FOR CAUSE

Appellant next argues the trial court erred in refusing to strike venirewoman Anna Panek for cause because she had difficulty understanding the English language. Ms. Panek stated that she was a native of Holland, that she was a naturalized United States citizen, and that she had lived here for eight years. The trial court told Ms. Panek that if she had trouble understanding the witnesses or attorneys, she could raise her hand and the court would have them slow down or speak up.

The question of a juror's qualification based on imperfect knowledge of English is one within the trial court's discretion, and we do not reverse absent flagrant abuse of that discretion. *Scifres* v. *State*, 228 Ark. 486, 308 S.W.2d 815 (1958). We cannot determine whether the trial court abused its discretion on this point because it is not preserved for our review.

In order to preserve this point for appellate review, appellant must demonstrate that he was *forced* to accept Ms. Panek as a juror over his objections. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988); *Watson* v. *State*, 289 Ark. 138, 709 S.W.2d 817 (1986). This means appellant must demonstrate both that he had exhausted all his peremptory challenges and that the

trial court refused to strike Ms. Panek for cause. *Scherrer* v. *State*, 294 Ark. 227, 742 S.W.2d 877 (1988); *Watson*, 289 Ark. 138, 709 S.W.2d 817; *Conley* v. *State*, 270 Ark. 886, 607 S.W.2d 328 (1980). The record before us does not demonstrate that appellant had exhausted his peremptory challenges when Ms. Panek was seated as a juror. Thus, even assuming without deciding that the trial court erred in refusing to strike her for cause, appellant has not demonstrated that Ms. Panek was forced on the jury — he could have used a peremptory strike against her.

### QUALIFICATION OF EXPERT WITNESS

Appellant contends the trial court erred in refusing to recognize Michael E. Vowell as an expert witness with regard to the use of police radios and fingerprints. Although the trial court did not qualify Mr. Vowell as an expert in these areas, it did allow him to answer specific questions in these areas. Appellant acknowledges that the trial court did not exclude Mr. Vowell from testifying, but simply denied the jury the opportunity of attaching more weight to Mr. Vowell's testimony had he been qualified as an expert.

Whether a witness qualifies as an expert is a matter within the trial court's discretion, and we will not reverse the trial court's decision absent an abuse of that discretion. *Parker* v. *State*, 268 Ark. 441, 597 S.W.2d 586 (1980). This court has said that if some reasonable basis exists from which it can be said the witness has knowledge of the subject beyond that of ordinary knowledge, the evidence is admissible as expert testimony. *Poyner* v. *State*, 288 Ark. 402, 705 S.W.2d 882 (1986).

Appellant has failed to demonstrate the trial court abused its discretion in refusing to qualify Mr. Vowell as an expert. Granted, Mr. Vowell did testify that he received a bachelor of arts degree in 1969; that he was a narcotics agent with Drug Enforcement Agency from 1970 until 1980; that he had attended a professional photography school and worked as the State Crime Laboratory's chief photographer from 1982 until his discharge in 1989; and that he had been a licensed private investigator since 1989. However, this testimony does not establish that he possessed knowledge considered beyond that which is ordinary knowledge in the areas of police radios and fingerprinting. More-

over, on *voir dire*, Mr. Vowell stated that the radios he used as a DEA agent were not the same kind of radios used in patrol cars such as appellant's; that the only training he received in the area of fingerprinting was the usual training given to DEA agents, and that was thirteen years ago; that he had used four methods for finding latent fingerprints and taught those methods at a junior college, but had not attended any schools that taught how to classify fingerprints; and that most fingerprint experts had attended such schools.

While Mr. Vowell's education, experience, training, skill, and knowledge may be beyond that of persons who are not law enforcement officers, we cannot say they necessarily qualify him as an expert in the areas of police radios and fingerprints. Accordingly, we cannot say the trial court abused its discretion in refusing to qualify Mr. Vowell as an expert in these two areas.

### CUMULATIVE ERROR

Finally, appellant contends all of the alleged errors discussed above, when considered together, were so prejudicial as to warrant a new trial. He relies on our discussion of cumulative error in his first appeal. *See Dillon*, 311 Ark. at 538-40, 844 S.W.2d at 948-49.

The record does not reveal that appellant raised the cumulative error argument to the trial court nor that he moved for a new trial on the same grounds. As even constitutional arguments are waived on appeal when not argued below, we do not address this point. *Robinson* v. *State*, 314 Ark. 243, 861 S.W.2d 548 (1993). Moreover, we have considered each assertion of error and concluded no reversible error occurred in appellant's second trial. This court does not recognize the doctrine of cumulative error when there is no error to accumulate. *Vick* v. *State*, 314 Ark. 618, 863 S.W.2d 820 (1993); *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988).

This appeal is without merit and the judgment of conviction is affirmed.