Lannie TRULL *v.* STATE of Arkansas

CR 95-631 908 S.W.2d 83

Supreme Court of Arkansas
Opinion delivered October 16, 1995

*Bart E. Ziegenhorn*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant in this case, Lannie Trull, was convicted of aggravated robbery and sentenced to life imprisonment. He appeals on two grounds: that his statement to a police officer was involuntary, and that a comment by a police officer at trial concerning a "pattern" of robberies warranted a mistrial. We disagree, and we affirm the judgment.

On August 23, 1994, at about 10:00 p.m., the Little Caesar's Pizza restaurant in West Memphis was robbed. The robber was wearing a mask, a ski cap, and gloves and was armed with a pistol. West Memphis Police Officer Shane Griffin was on his way home when he heard that the robbery had occurred in the vicinity. While driving in the area, he spotted a person carrying a black bag and gave chase. In the bag were a mask, a pillow case, a revolver, and loose cash. He arrested the person, who was

Trull, and gave him the *Miranda* warnings. At a pre-trial *Denno* hearing, Officer Griffin testified that Trull told him: "Well, I guess it's finally over."

At the same *Denno* hearing, West Memphis Police Officer Anthony Bradley testified that after he arrived at the crime scene, he heard Officer Griffin read Trull his *Miranda* rights. He testified that Trull then told him (Bradley) that he was glad it was finally over. Trull went on to relate to Officer Bradley that he had performed a series of robberies because he had lost his job and needed money.

At the conclusion of the *Denno* hearing, the trial court suppressed the statement made to Officer Griffin because of the discrepancy between the statements of the two officers as to when the *Miranda* rights were read to Trull and as to what transpired thereafter. The court found that Officer Bradley was a credible witness and that Trull's statement to Bradley was voluntary.

At the trial that followed, Officer Bradley testified that Trull told him that he was relieved that he had been caught, that he was glad it was over, and that he had committed the robbery because he had lost his job and needed the money. Also at the trial, Officer Griffin testified on direct examination:

> We've had, over the past few months, quite a few robberies and stuff, and from everything we've, I've found out before, we could tell a pattern that was running, usually some. . .

Defense counsel objected and moved for a mistrial. The trial court denied the motion and offered to give a curative instruction to the jury. Defense counsel asked that this not be done. Trull took the stand in his defense and denied ever speaking to Officer Bradley. The verdict of guilty was returned. At the sentencing phase, nine prior convictions out of Tennessee were introduced into evidence pursuant to Act 535 of 1993, now codified at Ark. Code Ann. § 16-97-103 (Supp. 1993). The sentence of life imprisonment was imposed.

■■ Trull first argues that because the trial court ruled that the statement given to Officer Griffin was inadmissible due to doubtful *Miranda* warnings, the statement given to Officer Bradley should also be suppressed because the statement to Officer Bradley was based on the same *Miranda* warnings. On appeal,

this court must make an independent determination of the voluntariness of a confession. *Noble* v. *State*, 319 Ark. 407, 892 S.W.2d 477 (1995). But in doing so, "we review the totality of the circumstances and will reverse only when the trial judge's finding of voluntariness is clearly against the preponderance of the evidence." *Weaver* v. *State*, 305 Ark. 180, 187, 806 S.W.2d 615, 619 (1991). Conflicts in the testimony are for the trial court to resolve, and again, we will not reverse unless the trial court's finding is clearly erroneous. *Higgins* v. *State*, 317 Ark. 555, 879 S.W.2d 424 (1994).

■ Trull's argument does not necessarily hold true, and he cites no authority to support it. The fact that the trial court found that the State had not met its burden of proving the voluntariness of the alleged statement to Officer Griffin does not automatically disparage the statement that Officer Bradley contends was made to him. *See Oregon* v. *Elstad*, 470 U.S. 298 (1985). In *Elstad*, the Court held that the Fifth Amendment did not require the suppression of a statement, made after proper *Miranda* warnings and a waiver of the same, solely because a police officer had obtained an earlier voluntary but unwarned statement from the same defendant. Here, Officer Bradley testified that he was present when Officer Griffin read Trull his *Miranda* rights. He further testified that Trull's statements to him followed the *Miranda* warnings. Trull argues that Officers Griffin and Bradley were inconsistent as to when Griffin read Trull his rights. Even if this is so, the trial court found Officer Bradley to be a credible witness and Trull's statement to Bradley to be voluntarily made after appropriate *Miranda* warnings had been given. There is no basis for a conclusion by this court that the trial court was clearly wrong in finding Trull's statements to Officer Bradley to be voluntary and, therefore, admissible.

For his second point, Trull maintains that the trial court erred in refusing to grant a mistrial after Officer Griffin's reference to a "pattern" of robberies. We note initially that Officer Griffin did not tie Trull directly into the robberies to which he alluded. The trial court also referred to this fact, when it denied the motion for mistrial. Despite this, the trial court did offer to give a curative instruction, which defense counsel refused. We have often commented on the *drastic* nature of the mistrial remedy. *See, e.g., Richmond* v. *State*, 320 Ark. 566, 899 S.W.2d 64 (1995);

*Stewart* v. *State*, 320 Ark. 75, 894 S.W.2d 930 (1995); *Caldwell* v. *State*, 319 Ark. 243, 891 S.W.2d 42 (1995); *Cupples* v. *State*, 318 Ark. 28, 883 S.W.2d 458 (1994).

 A mistrial is appropriate only when the possible prejudice cannot be cured by some admonition or curative instruction to the jury. *See Furlough* v. *State*, 314 Ark. 146, 861 S.W.2d 297 (1993). In *Furlough*, a testifying police officer referred to the defendant as a suspect in other robberies. The trial court admonished the jury to disregard these references, and we affirmed the defendant's judgment of conviction and held that the admonishment was sufficient. Here, defense counsel refused a curative instruction offered by the trial court. That was defense counsel's choice. We find no abuse of discretion flowing from the trial court's handling of this matter or in its ruling on this point.

The record in this case has been reviewed for other reversible error in accordance with Supreme Court Rule 4-3(h), and none has been found.

Affirmed.