James Earl NELSON *v.* STATE of Arkansas

CR 95-1155                                                   921 S.W.2d 593

Supreme Court of Arkansas
Opinion delivered May 13, 1996

*Robert S. Blatt* and *Timothy C. Sharum*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y

Gen., Sr. Appellate Advocate for appellee.

ROBERT L. BROWN, Justice. Appellant James Earl Nelson was convicted of battery and the unlawful discharge of a firearm from a vehicle, which arose out of a drive-by shooting. Ark. Code Ann. §§ 5-13-201 and 5-74-107 (Repl. 1993). He received a total sentence of twenty-five years. He premises his appeal on three errors: (1) a double jeopardy violation caused by conviction and sentencing for two offenses which contain essentially the same elements; (2) error in instructing the jury as to parole eligibility, scienter, and a lesser-included offense; and (3) failure to grant a mistrial due to cumulative error. We conclude that none of these alleged errors is preserved for our review, and for that reason we affirm.[1]

Testimony at trial was that Nelson and two codefendants, Don Walker and James Atchison, were in Fordyce on December 31, 1994. That evening they had attended a New Year's Eve party where the victim, Howard Belin, was present. They were asked to leave because the party was for younger people. They left, but then returned, and Nelson, according to his codefendants, fired five shots into the crowd of partygoers and struck Belin in the back. When he shot, again according to the testimony of witnesses, he uttered words to the effect that he was not getting any respect. As a result of one shot, Belin was rendered a paraplegic. The irony of the situation was that Nelson himself was confined to a wheelchair at the time of the shooting because of a previous bullet wound to his back.

Following his trial on charges of both first-degree battery and first-degree firing from a vehicle, he was sentenced to fifteen years with ten suspended on the battery charge and twenty years on the second charge. The sentences were run consecutively for a total sentence of twenty-five years.

■  Nelson's first point on appeal is that it was error for the trial court to enter a judgment of conviction with sentences for both battery and unlawful firing from a vehicle. Nelson contends that successive punishments for the two offenses violates the Double Jeopardy Clause under the United States Constitution as well as state law. The State, however, counters that Nelson did not make this argument to the trial court, and for that reason it is not

---

[1] Counsel for Nelson on appeal did not represent him at trial.

preserved for appeal. We agree that Nelson did not preserve this issue for our review. We have made it clear that we will not consider arguments, even constitutional arguments, which are raised for the first time on appeal. *See Fuller* v. *State*, 316 Ark. 341, 872 S.W.2d 54 (1994); *Kittler* v. *State*, 304 Ark. 344, 802 S.W.2d 925 (1991). Moreover, our rules state that failure to raise the constitutional issue at the trial court level leaves collateral attack against the judgment under Rule 37 as Nelson's sole recourse. *See* Ark. R. Crim. P. 37.1(a); *see also Cothrine* v. *State*, 322 Ark. 112, 907 S.W.2d 134 (1995) (per curiam).

■ Nelson's second contention is that the trial court erred in failing to instruct the jury on parole eligibility, definitions of "knowingly" and "recklessly" under the first- and second-degree offenses of firing from a vehicle, and on the lesser-included offense of second-degree battery. Despite this assertion on appeal, trial counsel raised no objections to the instructions as given; nor did he proffer instructions on those points to the trial court so that they could be included in the record of this case for our review. This argument, as a result, has no merit. *See Stewart* v. *State*, 316 Ark. 153, 870 S.W.2d 752 (1994); *Vickers* v. *State*, 313 Ark. 64, 852 S.W.2d 787 (1993); *Wade* v. *State*, 290 Ark. 16, 716 S.W.2d 194 (1986).

■ For his last point, Nelson urges that the trial court erred in failing to grant his motion for a continuance so that defense witnesses would have time to appear and, further, in not sanctioning the prosecuting attorney for failure to divulge information prejudicial to the State. He makes this argument in terms of cumulative error on the trial court's part which, he contends, mandates reversal and a new trial. However, no such motion or objection was made to the trial court below. Hence, we will not address it. *See Henderson* v. *State*, 322 Ark. 402, 910 S.W.2d 656 (1995); *Dillon* v. *State*, 317 Ark. 384, 877 S.W.2d 915 (1994).

■■ Furthermore, on an individual basis, the allegations of error are meritless. With respect to Nelson's motion for a continuance, Rule 27.3 of the Arkansas Rules of Criminal Procedure allows a trial court to grant a continuance "only upon a showing of good cause." In addition, the denial of a motion for continuance is within the sound discretion of the trial court and will not be reversed absent a showing of abuse of that discretion. *Baumgarner* v. *State*, 316 Ark. 373, 872 S.W.2d 380 (1994). An appellant bears the

burden of showing abuse of discretion and of demonstrating prejudice. *Id.* Here, trial counsel told the trial court that he would be ready for trial, and then reversed himself and asked for a continuance after the jury had been seated and opening statements had been made because some of his witnesses had failed to appear. Trial counsel was not certain that these witnesses had been served with subpoenas. Lack of diligence in having his witnesses present is a legitimate ground for denying a motion for continuance. There was no error committed by the trial court in denying the motion. *See Walls v. State,* 280 Ark. 291, 658 S.W.2d 362 (1983).

■ Concerning the State's failure to divulge information about the criminal record of prosecution witness and codefendant James Atchison, Rule 17.1 of the Arkansas Rules of Criminal Procedure provides that, upon timely request, the prosecutor must disclose any prior criminal convictions of the State's witnesses. Ark. R. Crim. P. 17.1(a)(iv). Rule 17.3 further provides that the prosecutor shall use diligent, good-faith efforts to obtain material in the possession of other government personnel. Ark. R. Crim. P. 17.3(a). Noncompliance with these rules can be the basis for reversal. However, the key to determining if a reversible violation exists is whether the defendant was prejudiced by the prosecutor's failure to disclose. *See Scroggins v. State,* 312 Ark. 106, 848 S.W.2d 400 (1993).

■ In the instant case, Nelson was allowed time to review the information about Atchison's criminal record. Moreover, Atchison admitted on the witness stand that he had a prior record of six felony convictions, and his credibility was impeached accordingly. Furthermore, Nelson has not shown what *additional* use he would have made of this information, if he had been given a continuance or had known about it in advance. In sum, a showing of prejudice was lacking. *See Scroggins v. State, supra; Baumgarner v. State, supra.* The point has no merit.

Affirmed.

DUDLEY, J., not participating.